Zuk v. Onondaga County

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of June, two thousand twelve.

PRESENT:

> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, Jr.,
>
> > *Circuit Judges.*

---

Vladimir Zuk,

> *Plaintiff-Appellant*,

> v.                                                            No. 10-4472-cv

Onondaga County, Kevin E. Walsh,
Sheriff-Onondaga County Sheriff's Office, as joint
public employer and in his official capacity, Esteban
Gonzalez, in his official capacity,

> *Defendants-Appellees*,

Esteban Gonzales, Captain, Onondaga County
Justice Center, Vincent Wasilewski, Assistant Chief,
Onondaga County Justice Center, Kevin Brisson,
Captain, Onondaga County Justice Center,

Thomas Metz, Lieutenant-Personnel Section,
Anthony Callisto, former Chief-Custody Division
(Retired June, 2006), Richard Carbery,
Chief-Custody Division, Onondaga County Justice
Center, Kevin Walsh, Sheriff of Onondaga County,
Warren Darby, Undersheriff of Onondaga County,

*Defendants.*

_____

FOR PLAINTIFF-APPELLANT:      Vladimir Zuk, *pro se*, Camillus, N.Y.

FOR DEFENDANTS-APPELLEES:    Gordon J. Cuffy, County Attorney (Karen A.
                                          Bleskoski, *of counsel*), Syracuse, N.Y.

Appeal from the judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Vladimir Zuk, *pro se*, appeals from an award of summary judgment in favor of his former employer in his employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

On appeal, Zuk argues that the District Court erred when it granted summary judgment on his Title VII national-origin discrimination claim, which was premised on his allegations that, due to his Brazilian national origin, he was disciplined more severely than other similarly situated employees. We have conducted a *de novo* review of the record in light of the above standards and

2

now affirm for substantially the same reasons set forth by the District Court in its September 30, 2010, decision and order.

Zuk's national-origin discrimination claim is governed by the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). Under this scheme, a plaintiff must first satisfy the minimal burden of making out a *prima facie* case of discrimination by showing that "(1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination." *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 492 (2d Cir. 2010). "A showing of disparate treatment—that is, a showing that the employer treated plaintiff 'less favorably than a similarly situated employee outside his protected group'—is a recognized method of raising an inference of discrimination for purposes of making out a *prima facie* case." *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)). In order to raise an inference of discrimination by showing that he was subjected to disparate treatment, however, "the plaintiff must show []he was 'similarly situated in all material respects' to the individuals with whom []he seeks to compare h[im]self." *Graham*, 230 F.3d at 39 (quoting *Shumway v. United Parcel Service, Inc.*, 118 F.3d 60, 64 (2d Cir. 1997)). In this analysis, there must be an "objectively identifiable basis for comparability" between the plaintiff and the comparator employee, *id.* at 40 (internal quotation marks omitted), which includes an assessment of "whether the conduct for which the employer imposed discipline was of comparable seriousness," *id.* (internal citation omitted).

In his brief, Zuk argues that he was the only Onondaga County Sheriff's Office ("OSCO") employee "singled out and disciplined for allegedly turning in two time sheets late," and asserts that another employee, Lieutenant Walter Rys, "never received formal discipline for late or missing time sheets." This argument both understates the reason for Zuk's reprimand and overstates the usefulness of Rys as a comparator. First, Zuk was not issued a written reprimand simply for turning in two time sheets late, but also, and more significantly, for disregarding a direct order from his superior to submit his time sheets in a timely fashion. Indeed, Onondaga County Sheriff Kevin Walsh affirmed that it was Zuk's failure "to abide by an order to turn in his time sheets in a timely fashion" that led him to approve the written reprimand.

Second, Zuk has not shown that he was "similarly situated in all material respects" to Rys. *Graham*, 230 F.3d at 39 (quotation marks omitted). In his affidavit, Rys affirmed that he had received "2 counseling memo[s] for late time sheets." Even assuming that a "counseling memo" is the same as the Supervisor's Memorandum Zuk received, there is no indication in the record that Rys, in those counseling memos, was ever specifically ordered, as Zuk was in his November 2003 Supervisor's Memorandum, to submit his time sheets in a timely fashion. Thus, without evidence

3

that Rys failed to comply with the order of his superior, there is no "objectively identifiable basis for comparability" between Rys and Zuk because it cannot be assessed whether the conduct for which OCSO imposed discipline on Zuk, and not Rys, "was of comparable seriousness." *Id.* at 40 (internal citations and quotation marks omitted).

We have considered all of Zuk's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
